New Jersey Department of Labor,
Workmen's Compensation Bureau.

JOSEPH L. POTOMSKI, PETITIONER, v. THE GREAT ATLAN-
TIC AND PACIFIC TEA COMPANY, RESPONDENT.

Decided· September 26, 1939.

For the petitioner, *Charles Becker.*

For the respondent, *William K. Flanagan.*

\*      \*      \*      \*      \*      \*      \*

On July 10th, 1939, the parties appeared and the peti-
tioner having proposed that he adduce only such testimony
as would present the questions of law implicit in his petition,
with leave to adduce medical testimony if the decision of this
bureau so warranted, and the respondent having agreed to
the proposal so made and I having heard and considered
the testimony adduced on behalf of the said petitioner and
the arguments of counsel, and having read and considered
the briefs submitted on behalf of each of the said parties, do
hereby determine and find as follows:

1. That on April 24th, 1937, the petitioner sought employ-
ment of the respondent as a laborer and to that end executed
and delivered to the said respondent a written application
entitled "Employment Record" which said application was
entirely in the handwriting of the said petitioner, contained
a great deal of information concerning the applicant includ-
ing his education, the names of his previous employers, the
nature of his employment by them, the period of such employ-
ment, the pay received, the names of his superior officers in

such employment, the reasons for his discontinuing such employment, and contained also the names, addresses and occupations of personal references, statement of his hobbies, name and address of his surviving parent and other data which might enable the respondent to decide whether the applicant would make a desirable employe; and, in addition to all of the foregoing, the said application contained in the said petitioner's own handwriting statements to the effect that said applicant was twenty-one years of age having been born on September 21st, 1915, was five feet ten inches tall and weighed one hundred and forty-eight pounds; and at the foot of the application and above the admitted signature of the petitioner is a printed statement which certifies that all questions on the application have been answered correctly.

2. That upon the execution and delivery of the aforesaid application petitioner was employed by the said respondent and on the date mentioned executed and delivered to the said respondent an agreement in writing to the effect that the provisions of section II of the Workmen's Compensation act was not a part of his contract of employment, that he read the said agreement and understood its meaning and object and this agreement is not only signed by the said petitioner but was witnessed by two witnesses.

3. That thereafter and sometime in the latter part of May or the first part of June, 1937, the said petitioner claims to have sustained an injury arising out of and in the course of his employment; but his testimony with regard to this alleged accident, the date when it occurred, his notifying his employer concerning it and the nature and effects of the said accident upon him are uncertain, vague and, to say the least, do not support the allegations of the petition. In view of another situation disclosed by the proofs and hereinafter mentioned, no decision is hereby made upon this testimony concerning the accident itself.

4. That when the said petitioner signed and delivered to the respondent his employment application and the agreement of waiver on April 24th, 1937, he was not twenty-one years of age although his application gave his birth as September 21st, 1915; and he further testified that not only was his statement of the date of his birth false but that he made the

statement with the intent that it would be acted upon by the respondent and that he purposely made the statement in order to induce a belief on the part of the employer that he was then twenty-one years of age when, as a matter of fact, the said petitioner, according to his birth certificate introduced in evidence, was born on September 21st, 1916; and I find and determine that the said petitioner, in addition to the other matters and things above set forth, had the appearance of being of full age, being then more than twenty years and seven months old, weighed one hundred and forty-eight pounds and was five feet ten inches tall.

5. That the testimony of the petitioner himself demonstrates that he made a representation to the respondent concerning his age which he knew to be false; that such representation was made with the intent to influence the conduct of the said respondent and the latter was ignorant of the real facts and in good faith relied upon the representations of the petitioner and will now be substantially prejudiced if the said petitioner be permitted to repudiate his former misrepresentations. In other words, by the petitioner's misrepresentation of his age the respondent was induced to give him notice that the provisions of section II was not applicable to his employment; whereas, had he told the said respondent the truth and revealed that he was, on the date of his employment, a minor the said respondent would then have been able to give to the said petitioner's parent the statutory notice of the non-applicability of the provisions of section II to the petitioner's contract of employment. And I do find and determine from the testimony so adduced before me as aforesaid that the said petitioner is estopped to assert that his employment with the said respondent was subject to the provisions of section II of the act above mentioned and that he is entitled to the statutory compensation for the injuries mentioned and described in his said petition.

It is thereupon on this 26th day of September, 1939, ordered that the said petition * * * heretofore filed by the said petitioner be and the same is hereby dismissed.

HARRY S. MEDINETS,
*Deputy Commissioner.*